IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SUNUP LIMITED PARTNERSHIP,          Plaintiff

v.          CIVIL ACTION NO: 1:21cv83-SA-DAS

OKTIBBEHA COUNTY, MISSISSIPPI,          Defendant

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW, Plaintiff, SunUp Limited Partnership, through its attorneys, Gammill Law Group, as and for claims against Defendant Oktibbeha County, Mississippi ("County" or "Defendant") and alleges as follows in this Complaint:

**PARTIES**

1. Plaintiff, SunUp Limited Partnership is a Mississippi limited partnership with its principal place of business at 102 Dr. Martin Luther King Jr. Drive W, Starkville Mississippi 39759.

2. Defendant Oktibbeha County, Mississippi ("Defendant" or "County") is a political subdivision of the State of Mississippi. The County is responsible for the policies, procedures, and practices implemented by its Board of Supervisors thru its various agencies, agents, departments, and employees. The County may be served with process upon Sharon Livingston, Chancery Clerk, at 101 East Main Street, Starkville, Mississippi 39759.

**JURISDICTION AND VENUE**

3. This action arises under 42 U.S.C. § 1983 because Plaintiff alleges an imminent violation of its rights under the Constitution of the United States and Article 3., Section 14 of the Mississippi Constitution concerning the County's deprivation of Plaintiff's rights to due process and equal protection under the

1

Fourteenth Amendment to the U.S. Constitution. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201 and may declare the legal rights and obligations of the parties in this action under 28 U.S.C. § 2201 because the action presents an actual controversy within the Court's jurisdiction. The requested injunctive relief is proper under 28 U.S.C. § 1343(a); and attorneys' fees and costs are allowable under 42 U.S.C. § 1988.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as they arise from the same case or controversy as Plaintiff's federal claims.

6. Plaintiff seeks only equitable and injunctive relief for its state law claims. Accordingly, Plaintiff need not submit a compensation claim with any local public entity under the Mississippi Tort Claims Act, MS Code § 11-46-9 (2013) et seq. Further, the County has no governmental immunity to suit against Plaintiff's claims for denial of due process in violation of 42 U.S.C. § 1983 and declaratory judgment.

7. The Northern District of Mississippi is the appropriate venue for this action under 28 U.S.C. §§ 1391(b) because it is the District in which Defendant Oktibbeha County does substantial official government work in and it is the District in which substantially all of the events giving rise to the claims occurred.

## FACTS AND FACTUAL ALLEGATIONS

8. Plaintiff has owned and rented single-family residences located in unincorporated Oktibbeha County, Mississippi since 1996.

9. Since 1997, the County has had a series of contracts with the Golden Triangle Cooperative Service District d/b/a Golden Triangle Waste Services ("GTWS") wherein GTWS has been the exclusive

provider of garbage pickups to single-family residences located in unincorporated Oktibbeha County. Upon information, the County's and GTWS most recent contract was entered into during 2018. [1]

10. On November 4, 2019, Mr. Orlando Trainer, President of the County's Board of Supervisors was quoted in the Starkville Daily News

The county was made aware of an error in billing by the [Golden Triangle] Waste Services, the county's partner in waste collection that resulted in roughly 1,800 residences not being billed for trash collection despite receiving services. We've been aware of that, but at the same time, we've never taken the initiative to really try to address it cause it really wasn't costing us any more.

11. Supervisor Trainer estimated that GTWS failed to bill and/or collect $1,500,000.00 in garbage fees ("Unbilled/Uncollected Fees"). County Administrator Emily Garrard estimated the amount to be $2,000,000.00.

12. Upon information and belief as of the date of this complaint, the County does not know (a) the true number of houses that GTWS failed to bill or (b) the true amount of garbage fees that GTWS failed to bill, or (c) the true amount of unpaid garbage fees that GTWS failed to collect or (d) the true person to whom GTWS furnished the alleged Unbilled/Uncollected garbage pickups.

Constitutional Protections

The Fourteenth Amendment protects against deprivation of life, liberty, or property without due process of law. U.S. Const. Amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldrige, 424 U.S. 319, 335 (1976). The Equal Protection Clause of the Fourteenth Amendment functions as a constitutional guarantee that no person or group will be denied the protection under the law that is enjoyed by similar persons or groups.

13. On December 16, 2019, the County's Board of Supervisors adopted the following resolution

---

[1] The County's audited financial statement for each year ending 2012, 2013, 2014, 2015 and 2016 contained either an "adverse" or "qualified" opinion regarding the accuracy of its internal controls including accounts receivable and number of houses subject to its contracts with GTWS.

There came before the Board for consideration a motion by Member Montgomery, seconded by Member Howard, to approve Waste Services billing change, effective February 1, 2020, to property owners and the Board unanimously approved same.

14. Between January 1, 1996, and January 31, 2019, the County did not mail any bill or notice for Unbilled/Uncollected Fees garbage fees to Plaintiff. Between January 1, 1996, and January 31, 2019, the County's Tax Collector did not record any lien or mail any notice to Plaintiff of any lien for alleged Unbilled/Uncollected Fees on any of Plaintiff's properties.

15. On or about February 1, 2020, the County mailed Plaintiff bills for fifty of its rental properties for garbage pickups during the month of February 2020. However, thirty-seven of the bills included alleged unbilled/uncollected garbage pickup fees for years prior to 2020 (as far back as 2009) which aggregated $29,121.91 ("Unbilled/Uncollected Fees"). The County did not give Plaintiff notice of or opportunity for a hearing before assessing Plaintiff the Unbilled/Uncollected Fees. A list of addresses with Unbilled/Uncollected Fees ("Addresses") is available in discovery or initial disclosures.

16. Upon information and belief, the Unbilled/Uncollected Fees are based on GTWS's self-confessed, inaccurate books and records.

17. The Unbilled/Uncollected Fees include months and years when Plaintiff's Renters did not live at the street address GTWS billed and could not have been "generators" of garbage. Despite that fact, the County continues to hold Plaintiff's Renters responsible for the Unbilled/Uncollected Fees. [2] [3]

---

[2] 19-5-17(b) of the Mississippi Code Annotated provides, *in pertinent part*, that fees for garbage pickups to a single-family residence can only be assessed against the "generator" of garbage, not a "renter". Therefore, even the County's billing of "renters" violates Mississippi law and is unenforceable.

[3] Plaintiff has yet to receive bills for alleged unpaid/unbilled garbage fees at three of its properties.

18. Upon information and belief, the County's Tax Assessors' office compares its list of Plaintiff's addresses with GTWS's list of Plaintiff's Renters' addresses. If Plaintiff's Renters live at a street address that is on both lists, the County's Tax Assessor's office denies Plaintiff's Renters their license plate re-registration without notice or opportunity for a hearing. The only exception to that denial is if Plaintiff's Renters pay in full, all Unbilled/Uncollected Fees on the County's books and records at their particular street address.

19. The County's Tax Assessor's office denies Plaintiff's Renters their right to re-register their license plates even if the Renters explain in person, they did not live for months and even years at the address or that he or she never received any bill from GTWS for garbage pickups.

20. For example, Ms. Shanika Capers began renting Plaintiff's house at 25 Arnold Drive in 2014. According to Ms. Capers, she uses her automobile to go to and from home to her place of employment and to medical appointments. In 2020, the County Tax Assessor's office denied her license plate re-registration because its books and records show an "outstanding balance" for Unbilled/Uncollected Fees at 25 Arnold Drive. In 2021, that scenario repeated itself. She has received two tickets for "expired license plates" and has not yet to be able to re-register her license plates. Her Court hearing for unexpired plates has been postponed by the court until later this month[May].

21. There is no dispute but that GTWS's books and records show that $444.00 of the balance at 25 Arnold was for garbage pickups, if furnished, were to and were billed to a "Pearlie Cunningham" who was listed on GTWS's books and records as living at 25 Arnold beginning in 2009 but moved <u>before</u> Ms. Capers moved into the house in 2014.

22. GTWS has <u>never</u> opened an account for garbage pickups in Ms. Capers name at 25 Arnold Drive.

23. As of the date of this complaint, the County's Tax Assessor continues to deny Ms. Capers the re-registration of her license plates.

5

24. Ms. Capers was not afforded notice of the opportunity of a meaningful pre-or-post-deprivation hearing regarding the denial of re-registration of her license plates.

25. Plaintiff's Renters have received citations for expired license plates and even lost their employment as a result of not being to lawfully drive their automobile after having been denied the re-registration of their license plates based on GTWS's inaccurate books and records.

26. The County has denied and continues to deny Plaintiff's Renters their re-registration of their license plates without notice and a pre-or post-deprivation hearing.

27. This Court has previously addressed due process and the re-registration of license plates in a previous case involving Oktibbeha County. In Laudermilk v. Fordice, 948 F. Supp. 596, 605 (N.D. Miss., 1996),

> This court is of the opinion that the amount at stake to the plaintiffs, added to the risk of erroneous deprivation under the procedures currently used and the probable value of additional or substitute safeguards, is in fact greater than the government's interest, including the administrative and financial burden of additional or substitute safeguards. Additional procedural safeguards, namely the opportunity for a meaningful pre-deprivation hearing, are required before the present version of Miss. Code Ann. § 19-5-22(4) will comply with the procedural due process requirements of the Fourteenth Amendment. Further, the application of that provision to the plaintiffs in the case at hand was also procedurally deficient as the defendants did not provide any opportunity for a hearing to determine the propriety of denying the renewal of the plaintiffs' automobile license tags.[4]

---

[4] In Opinion No. 2006-00038 (March 24, 2006), the Office of the Attorney General of Mississippi opined

> A plain reading of the language in Section 21-19-2 requires the county Tax Collector to withhold issuance or renewal of a car tag for delinquent municipal garbage fees after having been notified of the delinquency by the municipal governing authorities. However, in consideration of the federal district court ruling in Laudermilk v. Fordice, 948 F.Supp., (N.D. Miss. 1996), which held that it was unconstitutional for a county to withhold car tags from county residents for nonpayment of county garbage fees without providing them due process, we advise the town to provide any persons delinquent in payment of garbage fees procedural due process, including notice and

28. Plaintiff has a protected interest in its Renters' receiving due process regarding their license plates being re-registered because its Renters use their automobiles to generate income to among other things, pay Plaintiff rent and to go doctors' visits to maintain their health.

29. One of the County's employees at its Tax Assessor's office stated to a representative of Plaintiff that the County intends to wrongfully hold Plaintiff's <u>future</u> Renters responsible for payment of all Unbilled/Uncollected Fees garbage pickup fees.

30. Upon information and belief, at least one employee of the County's Tax Assessor's office advised Plaintiff's Renter to "get the money" from Plaintiff. Such a statement has damaged Plaintiff's goodwill with its Renters.

31. Plaintiff has a protected interest in the "goodwill" of its business.

32. The County's assessment of unbilled/uncollected garbage fees against Plaintiff's Renters due solely to their street address has caused the Renters to be delinquent in payment of rent which has caused Plaintiff economic loss.

33. The County's assessment of unbilled/uncollected garbage fees against Plaintiff's Renters due solely to their street address forces Plaintiff's Renters to move from Plaintiff's property. If they move, they can re-register their automobiles without having to pay Unbilled/Uncollected Fees. Plaintiff's Renter moving causes Plaintiff economic loss.

34. The County's Attorney, Rob Roberson, and County Manager Emily Garrard agreed to work out a method "to help alleviate some of the back debt weighing county residents down, some of whom were unaware of obligation to pay the garbage collection fees in the first place."

---

an opportunity for a hearing, prior to submitting their names to the county Tax Collector. Please see the current provisions of Miss. Code Ann. Section 19-5-22 (Supp. 2005).

35. The County has illogically and discriminately settled bills for Unbilled/ Uncollected Fees with other property owners for no conceivable, legitimate reason.

36. Plaintiff has standing to bring § 1983 claims since it is aggrieved in fact business that is the subject of enforcement of unconstitutional Actions by the County which have had the effect of forcing Plaintiff to bear the burden of GTWS's Unbilled/Uncollected fees by hampering Plaintiff's ability to operate its business.

## CLAIMS FOR RELIEF

### COUNT I
### 42 U.S.C. §1983- VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION-SUBSTANTIVE DUE PROCESS

37. Plaintiff incorporates herein by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

38. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The County violates Plaintiff's substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution.

39. The County's Unbilled/Uncollected Fees sent to Plaintiff relate as far back as 2009. For no year did the County mail any notice or offer Plaintiff a hearing before billing or beginning collection efforts for all years from Plaintiff in 2009.

40. The actions by the County of wrongfully billing and attempting to collect for Unpaid/Uncollected Fees ("Actions") without affording Plaintiff a constitutionally adequate hearing to present its case deprives Plaintiff of its rights and liberties and are arbitrary, irrational, outrageous, in bad faith, and designed to prevent Plaintiff from enjoying its rights as a property owner and from conducting its businesses, constitute conduct which shocks the conscience and violates the Plaintiff's substantive due process rights as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

41. Because the County's Actions have occurred in reliance upon an arbitrary and capricious interpretation of the Mississippi Constitution and related laws and statutes regarding its ability to collect Unbilled/Uncollected Fees for multiple years from Plaintiff including years that Plaintiff's Renters were not the generators of garbage and having failed to provide the annual notice and hearing to Plaintiff as the property owner, Plaintiff was directly and proximately deprived of its property rights absent substantive due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

42. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights unless the Court enjoins the County from continuing its Actions.

43. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief.

44. Plaintiff found it necessary to engage the services of private counsel to vindicate its rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 –VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PROCEDURAL DUE PROCESS

45. Plaintiff incorporates herein by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

46. Section 19-5-22 of the Mississippi Code Annotated provides, in pertinent part, in regard to assessment that

(2) Every generator assessed the fees authorized by Section 19-5-21 and the owner of the property occupied by that generator shall be jointly and severally liable for the fees. The fees shall be a lien upon the real property offered garbage or rubbish collection or disposal service.
*****
If fees are assessed on a basis other than annually, the fees shall become a lien on the real property offered the service on the date that the fees become due and payable.
*****
47. However, § 19-5-22 requires a county to give timely notice of the lien to the property owner

The county <u>shall</u> mail a notice of the lien, including the amount of unpaid fees and a description of the property subject to the lien, to the owner of the property. (emphasis added)

48. The County never furnished Plaintiff any notice that complies with § 19-5-22.

49. However, § 19-5-22 (4)(a) does <u>not</u> require a county to give timely notice in regard to withholding the re-registration of license plates.

> The board of supervisors <u>may</u> notify the tax collector of any unpaid [garbage pickup] fees assessed under Section 19-5-21<u>within ninety (90) days after the fees are due</u>. Before notifying the tax collector, the board of supervisors shall provide notice of the delinquency to the person who owes the delinquent fees and shall afford an opportunity for a hearing, that complies with the due process protections the board deems necessary, consistent with the Constitutions of the United States and the State of Mississippi.

The first sentence of § 19-5-22(4)(a) is facially and as applied to Plaintiff's Renters, unconstitutional because it does not require notice and hearing but incongruously provides that <u>if</u> notice is given, the hearing must comply with due process. Plaintiff's Renters did not and are not receiving notice and an opportunity for a hearing or a post-deprivation hearing, that complies with the due process protections consistent with the Constitutions of the United States and the State of Mississippi.

50. Plaintiff did not receive a notice and was not afforded an opportunity for a hearing, that complies with the due process protections consistent with the Constitutions of the United States and the State of Mississippi.

51. The County has failed and is failing to comply with the procedural and substantive requirements of the U.S. Constitution in connection with Plaintiff's rights and liberties which would have given Plaintiff a meaningful opportunity to respond to the County's Actions and proposed Actions and explain how and why they are so deeply flawed and unconstitutional.

52. Because the County made its decision to make and pursue its Unbilled/Uncollected Fees in reliance on procedurally deficient and substantively unlawful processes, Plaintiff has been directly and proximately

10

deprived of its property, and consequently, its ability to lawfully operate its business without unconstitutional government overreach.

53. Because the County's Actions were and continue to be made in reliance upon an arbitrary and capricious interpretation of the Mississippi Constitution and related laws and statutes regarding its ability to collect Unbilled/Uncollected Fees from Plaintiff's Renters who were not generators and while having failed to provide the annual notices to property owners including Plaintiff, Plaintiff was directly and proximately deprived of its property rights absent substantive due process of law, in violation of the Fourteenth Amendment to the U.S. Constitution.

54. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights unless the Court enjoins the County from continuing its Actions.

55. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the County's Actions.

56. Plaintiff found it necessary to engage the services of private counsel to vindicate its rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

COUNT III
42 U.S.C. § 1983, 1985-FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION EQUAL PROTECTION

57. Plaintiff incorporates herein by reference every allegation in the preceding paragraphs of this Complaint as though fully set forth herein.

58. The County's policy of selectively settling enforcing and/or settling alleged Unbilled/Uncollected Fees garbage bills in inconsistent ways and procedures violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment in that they have been and will continue to be unconstitutionally

and disparately applied to Plaintiff. In doing this, the County has placed a disproportionate burden on Plaintiff's business over others.

59. The County's Actions are done with reckless disregard of Plaintiff's rights.

60. The County's arbitrary settlements also violate the Fourteenth Amendment as applied to Plaintiff. The Fourteenth Amendment of the Constitution provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." Equal protection requires the state to govern impartially—not draw arbitrary distinctions between businesses based solely on differences that are irrelevant to a legitimate governmental purpose.

61. As a consequence, and result of the aforesaid acts of the County, Plaintiff has suffered economic loss, loss of income, impairment of its reputation and incurred damages caused by the County's interference with its business and was required to spend substantial sums of money and time in defending itself from the Actions taken against it by the County.

62. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights unless the Court enjoins the County from continuing its Actions.

~~62.~~63. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff is entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Actions.

64. Plaintiff found it necessary to engage the services of private counsel to vindicate its rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

COUNT IV
42 U.S.C. §1983-THE COUNTY'S DECEMBER 16, 2019, RESOLUTION IS
UNCONSTITUTIONALLY VOID FOR VAGUENESS

~~63.~~65. Plaintiff incorporates herein by reference each .and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

~~64.~~66. A person with ordinary intelligence, when reading the County's December 16, 2019 resolution

"to approve Waste Services billing change, effective February 1, 2020, to property owners" is not able to discern what it means. It does not define what a "property owner" is. In addition, persons could reasonably differ in their understanding of "what" a property owner could be billed for, what time period the property owner is going to be billed for, and certainly does not give adequate warning that "a billing change effective February 1, 2020 includes Unbilled/Uncollected Fees as far back in time as 2009 in Plaintiff's case.

~~65.~~67.  The County's unconstitutional application of this vague resolution has damaged Plaintiff.

## COUNT V
## VIOLATION OF THE MISSISSIPPI CONSTITUTION

~~66.~~68. Plaintiff incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

~~67.~~69.  The County's Actions have interfered with Plaintiff's rights and liberties as set forth under Article 3, Section 14 of the Mississippi Constitution.

~~68.~~70.  The County's Actions have deprived Plaintiff of the equal protection of the laws secured by Article 3, Section 14 of the Mississippi Constitution.

~~69.~~71. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to its constitutional rights unless the Court enjoins the County from continuing its Actions.

~~70.~~72. Plaintiff has found it necessary to engage the services of private counsel to vindicate its rights under the law.  Plaintiff is therefore entitled to an award of attorney's fees.

## COUNT VI
## 42 U.S.C. §1983

## LIABILITY FOR UNCONSTITUTIONAL POLICY

~~71.~~73.  Plaintiff incorporates by reference every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

~~72.~~74.  Plaintiff believes and alleges that, at all times mentioned, the County and its agents, with deliberate indifference, and conscious and reckless disregard to the constitutional and statutory rights of Plaintiff, engaged and will continue to engage in the unconstitutional conduct and omissions set forth above, all pursuant to policy or procedure held by the County.

~~73.~~75.  Plaintiff has found it necessary to engage the services of private counsel to vindicate its rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Issue a declaratory judgment declaring that the County's December 16, 2019 resolution is facially unconstitutional and therefore null and void, and to the extent that as applied to Plaintiff is unconstitutional under the due process and equal protection clauses of the 14th Amendment and violates the United States and the Mississippi Constitution.

B. Issue a declaratory judgment declaring that the first sentence of § 19-5-22(4)(a) of the Mississippi Code Annotated facially and as applied to Plaintiff is unconstitutional as denying due process rights because it does not require notice and hearing.

C. Issue a temporary restraining order and a preliminary injunction preventing the County from pursuing or implementing any further Actions against Plaintiff until this Court decides the merits of this lawsuit.

D.      Permanently enjoin the County and all persons and entities in active concert or participation with the County from any Actions against Plaintiff unless pursued in accordance with all procedural and substantive due process requirements of the U.S. Constitution and the Mississippi Constitution.

E.      Award Plaintiff its costs and reasonable attorneys' fees incurred in this action.

F.      Grant all other such relief as the Court may deem just and proper.

Respectfully submitted this 17th day of May 2021.

Sunup Limited Partnership, Plaintiff

*s/ Toby J. Gammill*
GAMMILL LAW GROUP
Toby Gammill (MSB #100367)
1911 Dunbarton Drive
Jackson, Mississippi 39216
Telephone: (601) 487-2300
Facsimile: (601) 420-2424
toby@gammill-law.com